STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. SAM-
UEL GREENBERG, PLAINTIFF IN ERROR.

Submitted March 19, 1914—Decided March 18, 1915.

1. Plaintiff in error was convicted of an assault and for carrying a
   concealed weapon, on two distinct indictments, which were tried
   together. At the close of the state's case, counsel for defendant
   moved for a direction of not guilty on the indictment for assault,
   and also moved for a similar direction on the charge of carrying
   a concealed weapon, both of which motions were denied. The
   evidence adduced by the state tended to establish that the de-
   fendant seized the bridle of a horse, driven by one F., leveled a
   revolver at F., and after the latter had succeeded in freeing the
   horse and had passed the defendant, he fired several shots at F.
   There was also further evidence by witnesses who had oppor-
   tunity to observe, that they saw no revolver in the possession of
   the defendant before he pointed it at F. *Held*, that there was no
   error in the refusal of the trial court to grant either motion.
2. Where upon the preliminary examination of a girl eight years of
   age, offered as a witness, it appeared that she neither possessed
   the mental capacity nor moral responsibility requisite to make
   her . a competent witness, she was properly excluded from
   testifying.
3. The trial court, in commenting upon the evidence to the jury,
   substantially stated the testimony, but in a disconnected man-
   ner and with slight inaccuracies as to the order in which related
   facts occurred, but when his attention was called to it, stated to
   the jury that perhaps he was in error, and that it was for the
   jury to determine the facts, regardless of his statement of the
   testimony. *Held*, that the defendant was not harmed.
4. The trial court may properly comment on the evidence to the
   jury, for the purpose of calling their attention to the credibility
   of a witness.

On error to the Cumberland Quarter Sessions Court.

Before Gummere, Chief Justice, and Justices Parker
and Kalisch.

For the plaintiff in error, *Wescott & Wescott*.

For the state, *J. Hampton Fithian*, prosecutor of the pleas.

The opinion of the court was delivered by

KALISCH, J.　The plaintiff in error was convicted in the Cumberland Quarter Sessions of an assault and carrying a concealed weapon on two distinct indictments, which, by consent of the parties, were tried together, and was sentenced, on each indictment on which he stood convicted, to imprisonment at hard labor, under the Indeterminate Sentence act, for a maximum term of three years and minimum term of eighteen months, the sentences to run successively.

The record is before us for review on sealed bills of exceptions, and under the one hundred and thirty-sixth section of the Criminal Procedure act.

No claim is made that there is error in the sentence pronounced. The errors assigned and the causes specified, and which are argued in the brief and on which the plaintiff in error seeks to have the judgments reversed, relate wholly to the rulings of the trial judge on the admission of testimony, his refusal to direct a verdict and exceptions to his charge.

When the state's case was closed and before the defence was proceeded with, counsel of defendant below moved the court to direct the jury to find the defendant not guilty on the indictment charging him with an assault upon Jacob Fox, on the ground that there was no testimony which would justify a finding by the jury that such an assault was committed by the defendant, and also to direct the jury to acquit the defendant of the charge of carrying a concealed weapon, on the ground that there was an utter lack of any testimony that the defendant carried the weapon concealed, both of which requests were denied by the court.

From the record it appears that at that juncture of the case there was testimony which tended to establish that the plaintiff in error seized the bridle of a horse which one Fox was driving along a public road from Vineland to Newfield, leveled a revolver at Fox, and after Fox had succeeded in freeing the horse from the grasp of the plaintiff in error, by whipping up the horse, and had passed the plaintiff in error, the plaintiff in error fired several shots at Fox.

This being the state of the evidence the trial judge properly refused to direct a verdict on the indictment for assault.

But it is argued by counsel of plaintiff in error that the pointing of the revolver by the plaintiff in error at Fox was not sufficient of itself to warrant a finding by the jury that the weapon was concealed in and about his clothes and person, and, therefore, the trial judge erred in refusing to direct a verdict of not guilty on the indictment charging him with that offence.

This contention overlooks the fact that the witnesses who had the opportunity to observe what occurred, testified that they saw no revolver in the possession of the plaintiff in error previously to his pointing it at Fox. It was, at least, a circumstance, and unexplained, sufficient to give rise to a reasonable inference that before the revolver was exhibited it was concealed from view. Whether or not the revolver was concealed from view was a question of fact for the decision of a jury. There was therefore no error in the refusal to withdraw the consideration of the case from the jury.

The next contention of the plaintiff in error is that the trial judge erred in excluding Minnie Silverman, as a witness, a child eight years of age, offered by the plaintiff in error in his behalf.

The trial judge, after a preliminary examination of the child to ascertain her competency to be sworn as a witness, found that she did not "seem to understand the oath or to have sufficient intelligence which would show a knowledge of the consequences of a falsehood," and, therefore, he refused to allow her to be sworn. The preliminary examination of the child shows that she neither possessed the mental capacity nor moral responsibility requisite to make her a competent witness. She was therefore properly excluded. *State* v. *Labriola,* 75 *N. J. L.* 483, 485.

The plaintiff in error next insists that the court misstated the evidence to his prejudice and harm in relating as to what took place between Fox and the plaintiff in error before and at the time the plaintiff in error seized the bridle of the

horse which Fox was driving. Upon examination of the testimony it appears that the trial judge substantially stated the testimony on that point, but in a disconnected manner and with slight inaccuracies as to the order in which the related facts took place, but when his attention was called to it, he told the jury that perhaps he was in error in stating the testimony in that regard, and further instructed the jury that it was for it to determine, regardless of his statement of the testimony, as to what it was.

We cannot perceive, therefore, in what respect the plaintiff in error was harmed. The trial judge in explicit terms instructed the jury to rely on its recollection of the testimony and not his.

The only other ground urged for a reversal of the judgment is that the trial judge, in commenting upon the allegations that Fox had a revolver in his possession, stated it in this way: "Is it probable that Jacob Fox, having a revolver in his possession for the purpose of self-defence, would put the revolver in the most unhandy place," &c.

The criticism made is that in the use of the term "for the purpose of self-defence," by the trial judge, he virtually instructed the jury that Fox was obliged to carry a revolver for the purpose of self-defence. Fox denied that he had a revolver in his possession. But there was a witness for the defence who testified that she saw Fox with a revolver and that he had it wrapped up and tied in a bundle of meat, and the trial judge, in commenting on this testimony, made the pertinent inquiry that if Fox carried the revolver for self-defence, &c., why should he have put the revolver in the most unhandy place that it could possibly be placed, &c.

This is far from charging that Fox was obliged to carry a revolver in self-defence, or even intimating that he did.

It is manifest that the court by this inquiry intended that the jury should take into consideration whether the testimony of the witness to the effect that Fox had a revolver was credible. We think it was proper comment on the evidence.

The result of the views expressed herein is to affirm the judgment on the indictment for assault, and to affirm the judgment on the indictment for carrying a concealed weapon.